**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**ELIO DIEGUEZ FRIAS,**

    **Petitioner,**

**vs.**                                                     **Case No. 4:11cv138-RH/WCS**

**IMMIGRATION & CUSTOM
ENFORCEMENT (ICE),**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

Petitioner initiated this case on April 7, 2011, by filing a petition for writ of habeas corpus, doc. 1, under 28 U.S.C. § 1441, alleging that he was ordered removed from the United States "sometime in 1987." *Id.*, at 3. However, Petitioner asserts that there is "no immigration/deportation agreement between the Republic of Cuba and the United States" and he was released in 2005 by court order. *Id.*, at 3-4. Petitioner claimed that as a consequence of a hold placed on him by the Respondent in or about September, 2009, Petitioner "cannot obtain minimum or community custody." *Id.*, at 4. Petitioner further states he is "unable to qualify for early release programs and or work release" and contends the hold violates his due process and equal protection rights. *Id.*, at 3, 5. As relief, Petitioner sought "an order from this honorable Court ordering ICE to show

cause and demonstrate that Petitioner would be immediately removed from the United States upon termination of his sentence in the FDOC or to set aside the ICE hold which is denying him Due Process and Equal Protection under the law." *Id.*, at 5.

In response to the petition, Respondent has filed a motion to dismiss the § 2241 petition and states that the hold (detainer) was removed on May 9, 2011. Doc. 11. Attached to the motion is a Notice of Action which cancelled "all immigration detainers" against Petitioner. Doc. 11-1. Accordingly, because Petitioner has been granted the relief he sought in this petition, Respondents contend it should be dismissed as moot as there is no longer a controversy between the parties. Doc. 11.

Petitioner filed a "motion to deny Respondent's motion to dismiss" this case, in which he contests dismissal and claims he cancellation of the "detainer has not rendered Petitioner's petition moot." Doc. 12, p. 1. Petitioner contends that when the hold was placed "on Petitioner's prison file, respondent also entered a description on the record labeling Petitioner a 'Mariel Cuban.' " *Id.* Petitioner alleges that the "description has the same effect on Petitioner's equal protection rights as if the hold had remained in place." *Id.* Petitioner contends that he "is still being treated and classified by the prison's authorities as if the detainer had not been cancelled." *Id.*, at 2.

Attached to Petitioner's response (motion to deny) is a copy of an inmate request asking why he still is classified as "custody 4 after the detainer from ICE was cancelled." Doc. 11, p. 5. The response from Petitioner's classification officer with the Department of Corrections is that "[a]lthough the ICE detainer was withdrawn, you remain close custody due to being a Mariel Cuban." *Id.*, at 5.

Case 4:11-cv-00138-RH-WCS   Document 13   Filed 06/28/11   Page 3 of 3

Page 3 of 3

It appears that Petitioner is, in reality, objecting to his custody classification. That is a matter within the discretion of prison officials. Petitioner's only request relief in this § 2241 was to "set aside the ICE hold" and that has been done. The detainer has been cancelled and no further relief is possible from these Respondents. There is nothing within the response from Petitioner which reveals Respondents have any control over the classification given to Petitioner by the Department of Corrections. Therefore, the motion to dismiss this § 2241 petition, doc. 11, should be granted, and Petitioner's motion to deny the Respondents' motion, doc. 12, should be denied.

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss this petition for writ of habeas corpus, filed under 28 U.S.C. § 2241, doc. 11, be **GRANTED,** the motion to deny the motion to dismiss, doc. 12, be **DENIED**, and this case should be **DISMISSED** as moot because Petitioner has been granted the relief sought in the petition.

**IN CHAMBERS** at Tallahassee, Florida, on June 28, 2011.


   s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:11cv138-RH/WCS